UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALLAN PIRIE, Individually and as Executor of the Estate of Irene Pirie, *et al.*, | : | Case No. 1:08 CV 1427 |
| | : | |
| Plaintiffs, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| | : | |
| BROADVIEW MULTI-CARE CENTER, *et al.* | : | <u>ORDER</u> |
| | : | |
| Defendants. | : | |

This case arises on the Plaintiffs' *Motion to Remand and For Costs and Fees; Request for an Immediate Hearing or Ruling* ("Motion to Remand") (ECF Doc. 8). The Defendants have filed responses opposing the Plaintiffs' Motion to Remand (ECF Docs. 14-16), and the Plaintiffs' filed a reply (ECF Doc. 18). Also pending is the *Request for Oral Hearing on Plaintiffs' Motion to Remand, by Defendants Vivian Bochenek, D.O. and University Primary Care Practices, Inc.* ("Request for a Hearing") (ECF Doc. 19), to which the Plaintiffs filed a response in opposition (ECF Doc. 21); the Plaintiffs' *Rule 30(A) Motion to Permit Deposition of Non-Party Deponent, Joseph Teeters, on July 15, 2008* ("Rule 30(A) Motion") (ECF Doc. 13); and the Plaintiffs' *Motion to Clarify Exhibit 11 to Plaintiffs' Motion to Remand* ("Motion to Clarify") (ECF Doc. 9). After full consideration of the parties' submissions, the Court **REMANDS** this case to the state court, **DENIES** the Plaintiffs' requests for costs and fees, and **DENIES** the Defendants' Request for a Hearing. The remaining motions (ECF Docs. 9 and 13) are **TERMED** accordingly.

**I.  BACKGROUND**

This is a nursing home malpractice and wrongful death action arising from the death of two patients, Irene Pirie and Helene M. McGuire, at the Defendant nursing home, Broadview Multi-Care Center. The initial complaint was filed by the estate of Ms. Pirie in the Cuyahoga County Court of

Common Pleas in July of 2007, and an amended complaint joining the estate of Ms. McGuire was filed the next month. The complaints allege, generally, that the Defendants failed to meet the relevant state, federal, and common law standards of care for nursing home facilities. A Case Management Conference was held by Judge Kathleen A. Sutula at which a discovery and briefing schedule was established and a trial set for September 8, 2008.

Discovery was proceeding when the Defendants filed a notice of removal on June 13, 2008, on the grounds that expert reports filed by the Plaintiffs' on May 16, 2008 alerted them to the existence of federal claims. (ECF Doc. 1.) In particular, they assert that references to 42 C.F.R. § 483, Medicare Act regulations which set the standard of care for certain medical facilities, bring this case within the jurisdiction of this Court. In their briefs in opposition to remand, the Defendants contend that, even if the Plaintiffs' are not asserting a federal cause of action, federal question jurisdiction exists because the lawsuit includes "substantial federal questions" requiring the interpretation of federal legal standards. (ECF Doc. 14 at 2.)

The Plaintiffs' argue in their motion to remand, and their reply, that: (1) 42 C.F.R. § 483 *et seq*. does not create a private right of action; (2) this lawsuit does not raise federal questions sufficiently "substantial" to justify federal question jurisdiction under applicable authority; (3) removal was untimely and attempted for purposes of delay[1]; and (4) Plaintiffs are entitled to

---

[1] Plaintiffs' requests for an immediate case management conference and an expedited ruling on their motion to remand arise from their contention that the Defendants removed the case in order to avoid compliance with the deadlines established by Judge Sutula. On July 2, 2008, the Court issued an Order, (ECF Doc. 17), resolving the Plaintiffs' motion for an immediate case management conference by ordering the parties to adhere to the deadlines established in the state case, to the extent possible, until the Court issued its ruling regarding the Plaintiffs' Motion to Remand. In that Order, the Court did not express an opinion regarding the Plaintiffs' contention that the Defendants removed the case for purposes of delay. Similarly, in this Order, the Court need not, and, therefore,

reasonable attorneys fees and costs under 28 U.S.C. § 1447(c).  (ECF Docs. 8 and 18.)

## II.     LAW & ANALYSIS

The Defendant bears the burden of establishing federal question jurisdiction, and all doubts are to be resolved in favor of remand.  *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002); *N.A.A.C.P.-Special Contribution Fund v. Jones*, 732 F.Supp. 791, 793-94 (N.D.Ohio 1990) (citing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178 (1936)); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999) (holding uncertainty regarding appropriateness of removal "should be resolved in favor of remand to the state courts.")

In *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 817 (1986), the Supreme Court held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' 28 U.S.C. § 1331."

More recently, in *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), the Supreme Court held that, even in the absence of a federal right of action, a federal court may exercise subject matter jurisdiction over a cause of action that raises a "substantial" unsettled federal question.  The Court stated the applicable standard as follows: "the question is, does a state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Id*. at 314.  In *Grable & Sons*, the Supreme Court held that federal question jurisdiction existed over a quiet-title action filed in state court based

does not, take a position with respect to the issue of removal as a delay tactic.

3

on the allegation that the IRS gave inadequate notice under the applicable federal tax law when it seized the property. The Court reasoned that, even though federal law did not provide the plaintiff with a federal cause of action, the federal question was the only issue in the case, and, because a quiet title action involving federal tax law was highly unusual, jurisdiction would not interfere with the balance of federal and state judicial responsibilities. *Id*. at 319-20. The Court in *Grable & Sons* thus expressly harmonized its decision with *Merrell Dow Pharm., Inc.*, by noting that state law tort claims referencing federal law belong in a different category than the federal tax question central to *Grable & Sons*. *Id*. at 316-19. The Court distinguished the claim in *Grable & Sons* because, unlike rare federal tax law issues, allowing federal jurisdiction over state law tort claims alleging violations of standards set forth in federal statutes would expose the federal courts to requests to exercise jurisdiction over "a tremendous number of cases" and would interfere with the federal-state balance. *Id*. at 318-19.

Applying the Supreme Court's analysis in *Merrell Dow Pharm, Inc.* and *Grable & Sons*, federal question jurisdiction does not exist in this case. First, there is no private, federal cause of action against a nursing home under the Medicaid Act and the regulations promulgated thereunder, *i.e.*, 42 C.F.R. 483 *et seq*. *See Harmon v. St. Augustine Manor*, 2007 WL 1072164, at *2 (N.D. Ohio Apr. 5, 2007) (citing *Fuzie v. Manor Care, Inc.*, 461 F.Supp. 689 (N.D. Ohio 1977). Because the references to federal law in this case are limited to the Medicaid Act, the Plaintiffs have not asserted a federal cause of action. Second, the complaint in this case asserts garden-variety tort claims based on the Defendant's alleged failure to satisfy the applicable common law, state, and federal standards of care. Although the Defendants allege that the references to the federal standards under the Medicare Act in the Plaintiffs' expert reports are pervasive, review of the expert reports reveals that

4

the references to federal regulations generally appear along with references to Ohio law and regulations, and are asserted in the context of an applicable standard of care, not an independent cause of action. The standards of care established by 42 C.F.R. 483 *et seq*. may be important to the Plaintiffs' case, but the references to comparable or analogous Ohio standards demonstrate that federal law is not central to the Plaintiffs' complaint in the way that it was in *Grable & Sons*. Moreover, concern for the balance of federal and state judicial responsibilities favors remand in this case because the Plaintiffs' nursing home malpractice claims are not unique or unusual.[2] Accordingly, the Court lacks subject matter jurisdiction and must remand this case.

The Plaintiffs' request for reasonable attorneys fees and costs under 28 U.S.C. § 1447(c) is **DENIED**, however. Fees and expenses associated with a motion to remand are appropriate when removal is not fairly supported by applicable law. *See Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456-57 (6th Cir. 1996). The Defendants reliance on *Grable & Sons*, 545 U.S. 308, in support of removal in this case was not unreasonable or inappropriate given the flexible test described by the Supreme Court in *Grable & Sons*. Accordingly, under the circumstances of this case, the Plaintiffs are not entitled to fees and costs.

In their Request for a Hearing, the Defendants state that "the issues presented by Plaintiffs' Motion are of great importance to the Defendants, for reasons which can be better explained at oral argument." (ECF Doc. 19.) The Defendants' written materials have not convinced the Court that

---

[2] Defendant Suburban Laboratory, Inc.'s argument in opposition to remand is worth noting: Suburban Laboratory, Inc. opposed remand on the grounds that, under federal law, the standard of care established by 42 C.F.R. § 483.75(j)(1) does not apply to laboratories. In their reply, the Plaintiffs agree with Suburban Laboratory, Inc., and state that they are not claiming that Suburban Laboratory, Inc. violated that regulation. Accordingly, Suburban Laboratory, Inc.'s argument is moot.

the importance of the issues at bar to the Defendants are sufficient to confer federal jurisdiction, however, and the Defendants have given the Court no reason to believe oral argument would be illuminating. The importance of the issues, moreover, is just one factor, and, under *Grable & Sons*, the significant risk of opening the door to state law tort claims outweighs it in this case. Moreover, as noted above, any doubts regarding the propriety of removal should be resolved in favor of remand. *See Brierly*, 184 F.3d at 534. The Defendants have had a full opportunity to brief the Plaintiffs' Motion to Remand – in fact, all three Defendants filed a response in opposition – and to present all of their arguments to the Court in writing. Accordingly, the Defendants' Request for a Hearing is **DENIED**.

In light of Remand, the Plaintiffs' Motion to Clarify (ECF Doc. 9) and the Plaintiffs' Rule 30(A) Motion to permit the deposition of non-party deponent Joseph Teeters (ECF Doc. 13) are **TERMED as moot**, given that the state court now has jurisdiction over this matter.

### III. CONCLUSION

The Plaintiffs' *Motion to Remand and For Costs and Fees; Request for an Immediate Hearing or Ruling* ("Motion to Remand") (ECF Doc. 8) is **GRANTED, in part**. Specifically, the case is hereby **REMANDED** to the Cuyahoga County Court of Common Pleas and the request for costs and fees is **DENIED**. Further, the Defendants' *Request for Oral Hearing on Plaintiffs' Motion to Remand, by Defendants Vivian Bochenek, D.O. and University Primary Care Practices, Inc.* (ECF Doc. 19) is **DENIED**, and the remaining motions (ECF Docs. 9 and 13) are **TERMED**.

**IT IS SO ORDERED.**

                                                  s/Kathleen M. O'Malley
                                                  KATHLEEN McDONALD O'MALLEY
**Dated: July 11, 2008**                           **UNITED STATES DISTRICT JUDGE**